| | |
|---|---|
| STATE OF ALABAMA: | CIVIL ACTION NO 04-457 |
| MONTGOMERY COUNTY: | KYM GRAY #203553 |

### AFFIDAVIT

My name is Paul Whaley II and I am presently employed as the Director of Classification, Alabama Dept. of Corrections, P O Box 301501, Montgomery, Alabama 36130. I am over the age of twenty-one years. I have 25 years' experience with the Alabama Dept. of Corrections, all in the area of inmate classification. I worked at Kilby as the institutional classification specialist for five years managing a caseload as well as performing intake and reclassification duties. Following that, I served 9 ½ years as a member of the Central Review Board where the vast majority of classification determinations statewide relative to placements, programs, custodies, institutional assignments and security levels were made. I have served as the Director of Classification for 11 years. I have attended specialized training with the National Institute of Corrections. I hold Masters' degrees in both Criminal Justice and Counseling. I hold a specialized instructor's certificate (#647) issued by the Peace Officers' Standards and Training Commission. I have given presentations around this state to Circuit Judges, District Attorneys, and attorneys for CLE credit. I am qualified to testify to the following with respect to the issues raised in this pleading.

Inmate Kym Gray # 203553 is a violent criminal predator currently serving a 50 year sentence for the crime of murder.

In his complaint, inmate Gray takes issue with the facts of his crime which indicate that a violent sexual assault occurred before he murdered his victim (exhibit A). It has been the policy of this Department to consider all facts of any crime or criminal history in making determinations of internal classification. Not to consider all elements of a crime or criminal history would be an abrogation of our responsibility to insure the protection of the public.

It is remarkable that inmate Gray is so agitated by the fact that details of his crime are being examined, yet the fact he committed a brutal act of murder does not seemingly offend him in the least. For the record, the crime of murder in and of itself would preclude any consideration for work release. The utilization of the details of this crime serves only to preclude affording this offender any opportunity to achieve minimum-out

Page 2        Kym Gray 203553

custody which would allow the possibility of unsupervised contact with the public.

The facts of this case are clear. Inmate Gray was afforded a due process hearing in this matter (exhibit B). While in the past, inmate Gray would have been considered a sex offender for the purpose of internal classification, he is instead now considered simply as a Restricted offender and will not be eligible for any less restrictive placement, program, or custody than is currently enjoyed.

No right of this criminal has been violated.

*Paul Whaley II*

Paul Whaley II

STATE OF ALABAMA:
MONTGOMERY COUNTY:
SWORN TO AND SUBSCRIBED before me this 19th date of April, 2004

Notary Public

## Crum, Kairy

| | |
|---|---|
| **From:** | Owens, Linda |
| **Sent:** | Thursday, April 08, 2004 12:04 PM |
| **To:** | DOC -->Classification |
| **Subject:** | FW: Restricted Classification - Minimum In Modifications |

**The attached changes should be inserted in your classification manual on the pages as indicated.**



2 Restricted mates - Minimu

**Certain offenders poses problematic management issues for the ADOC. Efforts in the past have been made to identify these offenders using a combination of custody plus terminology such as "sex offenders" for the purpose of classification (inmates with elements of sexual deviancy in their offense or history) and "heinous offenders" (inmates with peculiarly aggravated circumstances surrounding their offense or history). These terms will no longer be used by the ADOC. Such offenders will be identified as "restricted" offenders and will have the suffix "R" added to their AIS number. This will allow for clear, immediate, trackable identification of those offenders which are ineligible for any less restrictive custody or placement.**

**Inmates with the "R" suffix will not, under any circumstances be assigned by any institutional job board or Warden to work any job off-property unless under the direct supervision of an armed correctional officer at all times. These inmates will have no security level designation lower than IV or custody status lower than MINIMUM-IN.**

**Determinations of the "R" suffix will be made only by Central Classification. Once this determination is made it will not be subject to re-review without the express authorization of the Director or Assistant Director of Classification.**

**Please make of a copy of the document which previously identified your inmates as <u>Sex Offenders for purposes of Classification</u> and as <u>Heinous Offenders</u> and send to this office so that the process of adding the "R" suffix can be initiated. Inmates initially entering the prison system will be identified as "restricted" offenders during the intake process whenever possible.**

Evans, Wendolyn

**From:** Whaley, Paul
**Sent:** Friday, May 21, 2004 8:21 AM
**To:** DOC -- >Classification; DOC -- >Classification Supervisors
**Subject:** Terminology

TO:   All Concerned

Just a reminder that inmates previously identified as "heinous" or "sex offenders for the purpose of internal classification" are now simply "RESTRICTED" offenders. These inmates will require the "R" suffix.

Do not refer to these offenders as "heinous" or "sex offender" (for those not otherwise convicted but who have details of sexual deviancy in their crime or their history). Refer to them offenders as "<u>restricted</u>" only.

If anyone has a question, contact me.

Paul Whaley
Dir/Class
ADOC

1